IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Michael Henderson, ) | C/A No. 0:14-1146-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Southern Health Partners; Pam Ard, *Southern* ) | |
| *Health Partners*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Shawn Michael Henderson, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights by Southern Health Partners and Pam Ard, who are third-party medical providers at J. Reuben Long Detention Center ("Detention Center"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 49.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Henderson was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 50.) Henderson filed a response in opposition (ECF No. 54), and the defendants replied (ECF No. 57). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

**BACKGROUND**

Henderson filed the instant lawsuit regarding medical treatment he received for eczema. Henderson alleges that while housed as a pretrial detainee at the Detention Center, he was unable

PJG

to afford skin lotion for his eczema. As such, the Detention Center and nurse Pam Ard provided Henderson a limited monthly supply. This amount, Henderson alleges, was insufficient to meaningfully treat his skin condition. Henderson seeks monetary damages.

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motion for Summary Judgment**

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs.  Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]."  Estelle, 429 U.S. at 105.  A defendant is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a detainee and disregards that substantial risk.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004).  The government is required to provide medical care for incarcerated individuals.  Estelle, 429 U.S. at 102.  However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).  Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983.  See Estelle, 429 U.S. at 106.  Further, while the Constitution requires a jail to provide detainees with medical



care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, a detainee's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

Henderson has failed to provide any evidence from which a reasonable jury could find deliberate indifference to his medical needs. As stated above, Henderson's Complaint appears to allege that the defendants failed to provide proper treatment for his eczema. In support of their motion for summary judgment, the defendants have provided the affidavit of Pam Ard, the nurse who treated Henderson on multiple occasions. (Ard Aff., ECF No. 49-1.) The defendants have also provided Henderson's health records outlining the multiple times Henderson was seen, as well as the care provided in each instance. (Med. Rec., ECF No. 49-2.)



Pam Ard avers that from approximately July 12, 2013 through May 2014, she and other medical personnel provided Henderson medical care on numerous occasions. (Ard Aff. ¶ 2, ECF No. 49-1 at 1.) During that time, the medical staff treated Henderson for multiple issues, including eczema. (Id. ¶ 4, ECF No. 49-1 at 2.) After first advising Henderson that he could purchase and use cocoa butter lotion, Henderson was given Absorbase, a thick ointment used to moisturize skin. (Id. ¶¶ 6-7.) Ard avers that Henderson was provided a one-month supply of Absorbase, and medical staff explained to Henderson that he was using the ointment improperly if he needed a refill after only several days. (Id. ¶¶ 7-8.) For the entire time Henderson was at the Detention Center, medical personnel provided regular refills of Absorbase and continually advised him that the amount he was given should last a full month. (Id. ¶ 9.) Henderson even informed the medical staff that the ointment improved his skin condition. (Id.; see also Med. Rec., EFC No. 49-2 at 31.) Furthermore, Ard avers that medical staff informed Henderson of other methods he could use to treat his condition, including purchasing over-the-counter lotions, staying hydrated, and switching from a wool to cotton blanket. (Ard Aff. ¶ 10, ECF No. 49-1 at 2.)

In response to the defendants' motion, Henderson simply takes issues with the care he received, arguing that the Absorbase did not last an entire month. (ECF No. 54 at 1.) In doing so, Henderson confirms that the medical staff, in fact, provided him care. (Id. at 1-2.) In summary, the unrefuted evidence in this case shows that Henderson was treated multiple times by medical personnel at the Detention Center. Therefore, Henderson's claim of deliberate indifference to a serious medical need fails because the record unequivocally shows that Henderson was frequently seen and treated by medical staff for his complaints. Moreover, as stated above, Henderson does not have a claim against the defendants merely because he disagrees with the course of treatment he

received.  See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also O'Connor, 426 F.3d at 202; Dulany, 132 F.3d at 1240; Fleming, 423 F. Supp. 2d at 1070.  At most, Henderson's claim alleges negligence or medical malpractice, which is not actionable under § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

To the extent that Henderson is seeking to raise state law claims of negligence or medical malpractice against the defendants, South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina.  S.C. Code Ann. § 15-36-100(B); Martasin v. Hilton Head Health Sys. L.P., 613 S.E.2d 795, 799 (S.C. Ct. App. 2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993).  This requirement also includes nurses.  See S.C. Code Ann. § 15-36-100(G).  It is undisputed that Henderson has failed to file an expert affidavit with his Complaint, and therefore he cannot proceed with a state law claim of negligence or medical malpractice against the defendants.  See also Millmine v. Harris, C/A No. 3:10-1595-CMC, 2011 WL 317643 (D.S.C. Jan. 31, 2011) (holding that, in considering a state law claim for medical malpractice under this court's supplemental jurisdiction, the pre-suit notice and expert affidavit requirements in S.C. Code Ann. §§ 15-36-100 and 15-79-125 are the substantive law in South Carolina).

C.	Other Claims

To the extent that Henderson's Complaint may be construed to allege any other constitutional violations, the court finds that Henderson has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009).

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for summary judgment (ECF No. 49) be granted.

					_____
					Paige J. Gossett
					UNITED STATES MAGISTRATE JUDGE

February 2, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).